IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No: 7:18-CV-00106

MENDY BAILEY,                                )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )
                                             )
COASTAL CAROLINA COMMUNITY                   )     COMPLAINT
COLLEGE                                      )
        Defendant,                           )
                                             )
_____)

NOW COMES Plaintiff, Mendy Bailey ("Plaintiff"), by and through undersigned counsel, says and alleges the following against Defendant:

## I. JURISDICTION

1.  That subject matter and personal jurisdiction is founded on Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. 2000e, et seq. and Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C.621 et seq.

2.  At all relevant times herein, Plaintiff was a citizen and resident of Onslow County, North Carolina.

3. That the Defendant is a Corporation organized and existing under the laws of the State of North Carolina and its principal place of business is 444 Western Blvd., Jacksonville, North Carolina 28546-5816. Defendant is a public two-year

1

community college and is part of the North Carolina Community College System. Q. Shanté Martin, General Counsel is the registered agent for Defendant.

4. Defendant has more than 50 employees on its payroll during at least 20 workweeks during calendar year 2017.

5. On August 10, 2016, Plaintiff was hired by Defendant as a Surgical Technology Instructor.

6. Defendant was an "employer" as defined in 42 U.S.C. Section 2000e and Plaintiff was an employee during the time period of this lawsuit.

## EXHAUSTION OF ADMINISTRATIVE/PROCEDURAL REQUIREMENT

7. Plaintiff has satisfied all procedural and administrative prerequisites to the filing of this action. Plaintiff filed a timely charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

8. The EEOC investigated the charge and was unable to conclude any violations of the statutes.

9. The EEOC issued a "Dismissal and Notice of Rights to Sue" on March 14, 2018, which was sent by U.S. Mail.

10. The EEOC'S "Right to Sue" letter was received by Plaintiff on March 17, 2018.

11. Plaintiff filed this lawsuit within 90 days from receipt of the "Right to Sue" letter from the EEOC.

## II. FACTS

2

12. During the term of Plaintiff's employment with Defendant, Plaintiff worked as a Surgical Technology Instructor.

13. During the month of November, 2016, there were students complaining about Plaintiff, primarily about tests and grades. A specific student complained during the months of December, 2016 and January/February, 2017, about the lack of feedback from Plaintiff. These complaints were unfounded.

14. The Defendant never investigated these complaints about Plaintiff's teaching practices.

15. On March 1, 2017, Plaintiff received a grievance from this specific student ( C ).

16. On March 8, 2017, a hearing was held and the plaintiff was cleared of any misconduct.

18. On April 6, 2017, Plaintiff was given a "poor rating" by her supervisor ( H ) and supervisor H stated that she was embarrassed by the grievance finding and made it known that Plaintiff had hurt the program and his reputation.

19. Supervisor H, without knowledge and consent of Defendant, began reprisal against Plaintiff for the grievance and began passing false rumors on Plaintiff.

20. On April 26, 2017, my second level supervisor (GT) sent Plaintiff a personal letter that stated "based on the recommendation of supervisor (H) that Plaintiff will be placed on a semester to semester contract" also; the letter stated that "there was no expectation of employment now." Thus, Plaintiff was demoted due to no fault of her own.

21. On June 5, 2017, Plaintiff was removed from her position and was told by supervisor (GT) that Plaintiff needed to find other employment.

22. Plaintiff was constantly harassed and subject to a hostile work environment because her supervisor (H) felt she was "too old" and got in her way. Plaintiff's date of birth is July 2, 1973.

23. Plaintiff was subjected to treatment that other instructors were not subjected to, such as, interruptions by supervisor ( H ) in the middle of Plaintiff's class time.

3

Case 7:18-cv-00106-BO   Document 2   Filed 06/12/18   Page 3 of 5

## FIRST CAUSE OF ACTION
(Age Discrimination in violation of the ADEA 29 U.S.C.Sector 621, et seq of 1967.)

24. Based on the foregoing allegations Defendant violated Plaintiff's rights to be free from age discrimination in employment.

25. Defendant's actions adversely impacted the terms and conditions of Plaintiff's employment.

26. Plaintiff's supervisors (H) and (GT) were responsible for proposing the adverse action (termination) at issue in this case.

27. As a result of Defendant's actions, Plaintiff has suffered in the form of lost wages and benefits. She has also suffered significant emotional pain, suffering, mental anguish, loss of enjoyment of life and other non pecuniary damages.

## SECOND CASE OF ACTION
(retaliation in violation of Title VII)

28. Plaintiff re-alleges and incorporate by reference the allegations in the preceding paragraphs.

29. By opposing and complaining about the grievance described above, Plaintiff engaged in a protected activity under 42 U.S.C. Section 2000 e-3.

30. Defendant retaliated against Plaintiff by terminating her employment because of her protected activity.

31. As a result of Defendant's retaliation, Plaintiff has suffered both pecuniary and non pecuniary damages. Plaintiff is entitled to recover these damages under 42 U.S.C. Section 1981 (a)(1).

## III. PRAYER FOR RELIEF

Upon the trial of this matter, Plaintiff prays that the Court enter a Judgment for her and award the following relief:

a. Enter judgment in her favor and in an amount to be determined at trial, encompassing reinstatement to former position, back pay, front pay and compensatory and non-compensatory damages.

b. Award pre-and post-judgment interest and the costs/disbursements of this action, including reasonable attorney's fees.

c. Plaintiff demands a trial by jury.

d. Award any further relief the court deems just and necessary.

Respectfully submitted, this 12th day of June, 2018.

/s/ ERNEST J. WRIGHT
Attorney for Plaintiff
410 New Bridge St., Ste. 12B
P. O. Box 369
Jacksonville, NC 28540
Telephone: (910) 455-9646
Facsimile: (910) 347-9509
NC Bar #10605
wrightlaw@earthlink.net